# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS RAY FEEBACK,<br><br>Defendant. | Criminal No.  4:20-CR-048<br>                       4:21-CR-0079<br><br><br><br>BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SEVER CASES |

**COMES NOW** the Defendant, Mr. Travis Feeback, and submits the following brief in support of his motion to sever.

## I.     INTRODUCTION

On May 12, 2020, an indictment was filed in Case No. 4:20-CR-048 against Mr. Feeback charging him with two counts of Interstate Communications with Intent to Extort, in violation of 18 U.S.C. § 875(b) (hereinafter, "Indictment 1"). The indictment alleged that on March 25, 2020, Mr. Feeback transmitted in interstate commerce two communications, one by e-mail and one by Facebook Messenger, threatening to injure Iowa Army National Guard and Veterans Affairs Central Iowa Health Care System employees with the intent to extort $2,000, disability benefits, and medical military retirement.

Almost one year later, on May 19, 2021, a second indictment was filed in Case No. 4:21-CR-0079 against Mr. Feeback charging him with one count of

1

Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111(a) and 111(b) (hereinafter, "Indictment 2"). The second indictment alleged that on March 16, 2021, while incarcerated at the Polk County Jail, Mr. Feeback intentionally, willfully, and forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with K.H. while they were performing their official duties and causing bodily injury to K.H.

Trial for both cases is set for September 2, 2021.

## II. ARGUMENT

### A. Indictments 1 and 2 filed against Mr. Feeback could not have been properly joined under Fed. R. Crim. P. Rule 8(a), therefore the Court should order separate trials for both pursuant to Fed. R. Crim. P. Rule 13.

Fed. R. Crim. P. 13 allows the court discretion to "order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. Offenses may be joined in a single indictment if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

Offenses have the same or similar character when they "refer to the same type of offenses occurring over a relatively short period of time, and the evidence

as to each overlaps." Un*ited States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999) (quoting *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986)). "[T]he time-period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined." *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). Rather, the time period must be considered in light of the similarity of offense and the possible overlapping of evidence. *Id.*

Where the separate offenses arise within the same transaction, the Government should not be required to prove the same facts in separate trials. *United States v. Pietras*, 501 F.2d 182, 185 (8th Cir. 1974). Courts in other Circuits have interpreted the "same act or transaction" and "common scheme or plan" prongs of the rule as requiring that the joined offenses have a logical relationship to one another. *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005). "[J]oinder under Rule 8 is not infinitely malleable: it cannot be stretched to cover offenses . . . which are discrete and dissimilar and which do not constitute parts of a common scheme or plan. *United States v. Richardson*, 161 F.3d 728, 732 (D.C. Cir. 1998).

This test permits broad joinder to promote efficiency but does not permit stretching the statute to cover offenses that are only temporally related. *Cardwell*, 433 F.3d at 386. Rule 8(a) cannot be infinitely elastic because the joinder of

unrelated charges creates the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense. *Id.* at 385.

### i. The offenses set forth in Indictments 1 and 2 are not of the same or similar character.

The consolidation of trials for Indictments 1 and 2 is not proper as they are not of the same or similar character. Crimes of 'similar' character are those that are "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness." *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) (quoting *Lindsey*, 782 F.2d at 117)). Joinder of offenses is proper under the 'same or similar character' standard "when the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011) (quoting *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994)).

The offenses alleged in Indictments 1 and 2 are not of the same or similar character sufficient for proper joinder. First, they are not the same type of offenses nor does the evidence pertaining to each overlap. Indictment 1 is based on allegations that Mr. Feeback made non-verbal threats by way of electronic communications against his prior employer. Indictment 1 is based on a violation of Title 18, Chapter 41 of the United States Code – Extortion and Threats, specifically 18 U.S.C. § 875(b) which makes it unlawful for a person "with intent to extort from any person, firm, association, or corporation, any money or other thing of

value, [to transmit] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another." Evidence supporting the occurrence of a physical fight between Mr. Feeback and a jail staff member in 2021 is not relevant to any element of § 875(b). Communicating indirectly behind the guise of an electronic device does not equate to face-to-face assaultive conduct.

In contrast, Indictment 2 arises from allegations that Mr. Feeback physically assaulted and confronted a jail employee while he was incarcerated. Specifically, that Mr. Feeback became agitated with Officer Kyle Harless after requesting to file a grievance against jail staff and allegedly punched Mr. Harless in the face. Indictment 2 is based on a violation of Title 18, Chapter 7 of the United States Code – Assault, specifically, 18 U.S.C. § 111(a) and (b) which makes it unlawful for a person to forcibly assault, resist, oppose, impede, or intimidate any person in the performance of their official duties. Neither § 875(b) nor § 111 contain any overlapping elements wherein evidence admitted at a consolidated trial would be relevant to both offenses. Nothing pertaining to Mr. Feeback's experience with his prior employer motivated his alleged action against Mr. Harless. Rather, the confrontation with Mr. Harless was an isolated incident that arose following Mr. Feeback's frustration with the Polk County Jail's procedural grievance process and policies. *Compare Tyndall*, 263 F.3d at 850 (finding two sexual abuse charges

were properly joined), *Rogers*, 732 F.2d at 629 (finding two drug charges were properly joined), *Lindsey*, 782 F.2d at 117 (finding two possession of firearms charges were properly joined).

Second, the offenses alleged in Indictments 1 and 2 did not occur close enough in time to warrant joinder. Although the Eighth Circuit has found offenses occurring between eight months to two years apart to satisfy the "relatively short period of time" standard under Rule 8(a), they have done this without considering the time period in isolation. Rather, the Court has held as such by considering the time period as "relative to the similarity of the offenses, and the possible overlapping of evidence." *Rodgers*, 732 F.2d at 629 (holding 20-month time period did not violate Rule 8(a) because two separate narcotics violations are offenses of the same type); *see Lindsey*, 782 F.2d at 117 (finding two counts charging defendant with "possession of two different types of firearms is 'nearly corresponding' in nature despite 17-month time period); *United States v. Hastings*, 577 F.2d 38, (8th Cir. 1978) (finding offenses are sufficiently similar because "each . . . related to the distribution or manufacture of counterfeit federal reserve notes by [defendant] . . . during a two year period"). Indictments 1 and 2 allege the offenses occurred nine days short of one year apart. While this time period could be considered "relatively short" for purposes of Rule 8(a) if the proper circumstances existed, the dissimilarity and remoteness of the offenses here do not

allow such a conclusion. *See United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007) ("The lack of any temporal connection is all the more significant because the counts do not stem from common events."). As discussed above, the charges in Indictments 1 and 2 are distinct and separate. "[T]he similar character of the joined offenses should be ascertainable – either readily apparent or reasonably inferred – from the face of the indictment. Courts should not have to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity." *United States v. Jawara*, 474 F.3d at 578. Here, the court must exhaust significant effort to tie together the events giving rise to Indictments 1 and 2. The events each Indictment is premised upon were not related, occurred almost one year apart, and do not share any admissible overlapping evidence that would serve as justification to combine their trials.

        ii. **The offenses set forth in Indictments 1 and 2 are not based on the same act or transaction and do not constitute a common scheme or plan.**

The consolidation of trials for Indictments 1 and 2 is not proper as they are not based on the same act or transaction, nor do they constitute a common scheme or plan. While courts have a strong interest in favor of the efficiency of joinder to "[reduce] the waste of precious judicial and prosecutorial time," courts have also made clear that Rule 8(a) is not flexible enough to allow consolidation of completely unrelated cases. *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir.

2000); *see Richardson*, 161 F.3d at 732. Here, Mr. Feeback's alleged offenses contained in Indictments 1 and 2 are distinct in time, place, circumstances, and motives. Separate trials will not result in the missing of any key piece of evidence. *See Cardwell*, 433 F.3d at 385 (noting a logical relationship sufficient for joinder exists between multiple offenses when separate consideration "paints an incomplete picture" of the crimes).

    **B. Assuming Indictments 1 and 2 may be properly consolidated for trial, the risk of unfair prejudice outweighs the interests of judicial economy, and the Court should order separate trials.**

Under Fed. R. Crim. P. 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Where evidence of one crime would be probative and admissible in a separate trial for another crime, a defendant does not suffer additional prejudice if the two crimes are tried together. *United States v. Ferguson*, 776 F.2d 217, 225 (8th Cir. 1985) (citing *United States v. Dennis*, 625 F.2d 782, 802 (8th Cir. 1980)). A showing of prejudice requires more than a showing of a better chance of acquittal at separate trials. *Id.* at 224-25 (citing *Dennis*, 625 F.2d at 802).

"Prejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to

find guilt on all crimes when it would not have found guilt if the crimes were considered separately." *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996) (citing *Closs v. Leapley*, 18 F.3d 574, 578 (8th Cir. 1994)). Again, a defendant does not suffer undue prejudice if the evidence of one crime would be probative and admissible at the defendant's separate trial for the other crime. *Id.* (citing *Robaina*, 39 F.3d at 861).

    This spillover risk applies to Mr. Feeback's case. Here, there is a risk that the jury would be unable to compartmentalize the evidence as to the two separate allegations and convict Mr. Feeback based on circumstances other than the specific offense charged. As detailed earlier, the events behind Indictments 1 and 2 are unconnected in time, type, and motive. Additionally, the statutory elements required to prove each offense are completely distinct. Evidence of each alleged offense would be inadmissible as propensity evidence in a separate trial of the other, therefore, allowing the consolidation of trials would result in prejudice to Mr. Feeback. *See* Fed. R. Evid. 404(b). Most importantly, it would be the jury's job to resist from drawing any impermissible inferences from evidence of the other alleged offense in a consolidated trial. Mr. Feeback would be prejudiced by a consolidation of trials because the jury would be unable to ignore the suggestion that his alleged act of violence toward jail staff made it more likely that he engaged in threatening behavior toward his employer. The negative taint of the jury hearing

evidence pertaining to a physical assault will unfairly bleed into the 'threat only' charge in Indictment 1 where the Government does not allege any physical harm. This court cannot allow the potential for guilt by association, and a limiting instruction would not be sufficient to cure the false association resulting from a combined trial on Indictments 1 and 2.

**WHEREFORE**, the Defendant respectfully requests this court grant this motion to sever, enter an order providing for separate trials for Indictment 1 and Indictment 2, and for any further relief deemed necessary and just.

> PARRISH KRUIDENIER DUNN GENTRY
> BROWN BERGMANN & MESSAMER L.L.P.
>
> BY: /s/ *Alfredo Parrish*
> Alfredo Parrish           AT0006051
> 2910 Grand Avenue
> Des Moines, Iowa 50312
> (515) 284-5737 / (515) 284-1704 (Fax)
> aparrish@parrishlaw.com
> **ATTORNEY FOR DEFENDANT**

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by:

| | | | |
|---|---|---|---|
| ( ) | personal service | ( ) | first class mail |
| ( ) | certified mail, return receipt requested | ( ) | facsimile |
| ( ) | Airborne Express (overnight) | (X) | electronic filing |
| | | ( ) | e-mail |

on June 25, 2021.
I declare that the statements above are true to the best of my information, knowledge and belief.

/s/ *Lori Yardley*

Virginia M. Bruner
United States Attorney's Office
110 East Court Avenue, Suite 286
Des Moines, Iowa  50309
515-473-9300
515-473-9292 (Fax)
virginia.bruner@usdoj.gov
**ATTORNEY FOR PLAINTIFF**

Travis Feeback
**DEFENDANT**